

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East-7ᵗʰ Floor*
*Brooklyn, NY 11201*

March 19, 2012

**By ECF**
Honorable Lois Bloom
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Burton v. Shinseki et al.*
              <u>10-cv-05318 (SLT) (LB)</u>

Dear Magistrate Judge Bloom:

        This Office represents defendant, Eric K. Shinseki, in the above-referenced employment discrimination action.  We write, pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, to respectfully request that Your Honor recommend that Plaintiff Ann Burton's Amended Complaint be dismissed, with prejudice, based on her failures to comply with her discovery obligations and this Court's discovery orders.  Most recently, Plaintiff failed to attend her deposition—which was noticed for March 14, 2012—despite being ordered to do so.  As discussed herein, dismissal of this action with prejudice is the only appropriate remedy in view of Plaintiff's direct defiance of this Court's Orders and her ongoing failure to provide any discovery or otherwise prosecute this action.

### A.  Background

        As the Court may recall, on February 16, 2012, Secretary Shinseki moved to compel responses to his First Set of Interrogatories and Document Requests, served on December 23, 2011.  *See* ECF No. 65.  By Order dated February 21, 2012, this Court directed Plaintiff to respond to Secretary Shinseki's motion to compel by March 2, 2012.  *See* ECF No. 66.  The Court advised Plaintiff that her failure to comply with her discovery obligations or obey Court orders "shall" result in sanctions, which may include dismissal of this case.  *Id.*  To date, Plaintiff has neither responded to Secretary Shinseki's motion to compel, as directed, or otherwise complied with her discovery obligations.  Notably, Plaintiff has not served any discovery demands upon Secretary Shinseki or noticed any depositions, let alone served mandatory initial disclosures, as required by Fed. R. Civ. P. 26(a).

Honorable Lois Bloom
March 19, 2012
Page 2

In view of Plaintiff's failure to provide any discovery, and her failure to respond to the Court's February 21 Order, on March 8, 2012, Secretary Shinseki requested an extension of time to complete fact discovery.[1]  *See* ECF No. 67.  Alternatively, Secretary Shinseki requested that Your Honor order Plaintiff to reimburse his attorney's fees in making a renewed request for outstanding discovery, and recommend that this action be dismissed for failure to prosecute.  *See id.*  Secretary Shinseki's motion stated that Plaintiff's deposition was noticed for March 14, 2012.  *See id.*; *see also* Ex. A, Letter dated Feb. 22, 2012, enclosing Second Am. Notice of Dep. and the Court's Feb. 21, 2012 Order.

By Order dated March 12, 2012, the Court granted in part and denied in part without prejudice Secretary Shinseki's March 8, 2012 motion.  *See* ECF No. 68.  In particular, the Court ordered that:

> Plaintiff's deposition shall proceed on March 14, 2012.  By failing to timely provide her discovery responses, plaintiff has waived any and all objections to the demands.  Plaintiff shall bring any outstanding discovery responses and initial disclosures with her to the deposition.  This is a Court order.  If plaintiff fails to timely attend her deposition, the Court shall order plaintiff to show good cause why this case should not be dismissed for failure to comply with plaintiff's discovery obligations and the Court's orders.

*Id.* (citations omitted).  The Order indicates that a copy was mailed by express mail to the most recent address provided by Plaintiff.[2]

On March 14, 2012, the undersigned counsel, together with a court reporter, was present and prepared to proceed with Plaintiff's deposition.  Despite being ordered to appear for her deposition, Plaintiff failed to appear.  *See* Ex. B, Transcript, dated Mar. 14, 2012, at 3-6. Over the course of approximately 95 minutes, numerous attempts were made to reach Plaintiff at telephone numbers that she had provided to the Court, including the number currently listed on the docket sheet.  *See id.*  None of those attempts were successful.  *See id.*  Because Plaintiff failed to appear for her properly noticed and court-ordered deposition, and because attempts to reach Plaintiff were futile, the undersigned counsel dismissed the court reporter at approximately 11:45 a.m.

---

[1] All discovery closed on March 15, 2012.  *See* ECF No. 52, Scheduling Order, dated Oct. 19, 2011.

[2] The March 12 Order was apparently sent by Federal Express to a post office address provided by Plaintiff.  On March 15, 2012, the Court's mailing was returned as undeliverable to the post office address.  *See* ECF No. 69.  Upon information and belief, Federal Express does not deliver to post office addresses.  Notwithstanding, Plaintiff was noticed for her deposition in a timely manner, and such deposition notice—which was sent by certified first-class mail—was delivered.

Honorable Lois Bloom
March 19, 2012
Page 3

### B.  Argument

#### 1.   This Action Should be Dismissed Pursuant to Fed. R. Civ. P. 37

Rule 37 of the Federal Rules of Civil Procedure provides a non-exclusive range of remedies for a party's failure to comply with her discovery obligations or court orders.  In particular, Rule 37(b)(2)(A) provides that the Court may dismiss an "action or proceeding in whole or in part" where a party "fails to obey an order to provide or permit discovery . . . ."  Fed. R. Civ. P. 37(b)(2)(A)(v); *see Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298 (2d Cir. 2009) (per curium) (upholding the district court's dismissal of a *pro se* plaintiff's employment discrimination action pursuant to Rule 37 where the plaintiff failed to comply with this Court's orders).  Moreover, Rule 37(d)(1)(A) provides that the Court "may, on motion, order sanctions if:  (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  Fed. R. Civ. P. 37(d)(1)(A); *see Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 766 (2d Cir. 1990) (affirming dismissal of action under Rule 37(d) for *pro se* plaintiff's refusal to appear at her deposition); *Yarborough v. New York City*, No. 10-cv-2125 (CBA) (LB), 2012 WL 728010, at *2 (E.D.N.Y. Feb. 13, 2012) (recommending dismissal under Rule 37(d) where plaintiff failed to appear for deposition and after she failed to respond to the Court's order to show cause why her case should not be dismissed).[3]  Significantly, the sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se,* so long as warning has been given that noncompliance can result in dismissal."  *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994).

"In evaluating whether to dismiss a case pursuant to Rule 37, the Court looks to the following factors: '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'"  *Yarborough*, 2012 WL 728010, at *2 (quoting *Agiwal*, 555 F.3d at 302-03).  All four factors weigh heavily in favor of dismissal.

First, Plaintiff's conduct clearly demonstrates a willful disregard of this Court's Orders.  Despite being ordered to do so, Plaintiff has repeatedly failed to produce any discovery or serve mandatory disclosures required by Fed. R. Civ. P. 26(a).  *See* ECF No. 68, March 12, 2012 Order.  Further, Plaintiff not only failed to appear at her court-ordered deposition, she did not contact the undersigned to seek an adjournment of the same.  This required Secretary Shinseki to bear the costs of a court reporter.  Plaintiff also failed to respond to the Court's February 21, 2012 Order directing her to respond to Secretary Shinseki's motion to compel.  *See* ECF No. 66.  Tellingly, Plaintiff has failed to provide any explanation for her failures to comply with her discovery obligations and the Court's Orders.

---

[3] Pursuant to Local Civil Rule 7.1(c), a copy of this and all other unpublished decisions cited herein are provided to Plaintiff herewith.

Honorable Lois Bloom
March 19, 2012
Page 4

Second, no lesser sanction than dismissal would be effective.  The Court's warnings and orders have failed to elicit Plaintiff's compliance with her discovery obligations or to attend her deposition.  As a result, Plaintiff's failure to provide any discovery in this action, or to attend her deposition, has prevented Secretary Shinseki from gathering information relevant to the claims and defenses in this action.  Notably, even though Secretary Shinseki sought monetary sanctions against Plaintiff, that request did not motivate her to provide discovery or seek an extension of time to do so.

Third, Plaintiff's period of non-compliance with her discovery obligations has spanned the entire discovery period, which commenced in October 2011.  As previously mentioned, Plaintiff has failed to provide mandatory initial disclosures, pursuant to Fed. R. Civ. P. 26(a).  Further, Plaintiff has failed to respond to Secretary Shinseki's written discovery demands, despite having waived any and all objections thereto.  And, even though discovery closed on March 15, 2012, Plaintiff never propounded a single discovery demand upon Secretary Shinseki.

Fourth, there can be no doubt that Plaintiff understood the Court's repeated Orders, which were concise and unambiguous.  As mentioned above, the Court's February 21 Order warned Plaintiff that her failure to comply with her discovery obligations or obey Court orders "shall" result in sanctions, which may include dismissal of this case.  ECF No. 66.  In addition, the March 12 Order expressly warned that "[i]f plaintiff fails to timely attend her deposition, the Court *shall* order plaintiff to show good cause why this case should not be dismissed for failure to comply with plaintiff's discovery obligations and the Court's orders." ECF No. 68 (emphasis added).  Nor has Plaintiff ever expressed any confusion about the Court's Orders or otherwise indicated that she did not understand the Orders.  Accordingly, this action should be dismissed pursuant to Fed. R. Civ. P. 37.

## 2.  This Action Should be Dismissed Pursuant to Fed. R. Civ. P. 41

Alternatively, the Court should recommend dismissal of this action pursuant to Rule 41(b).  Under Rule 41(b), involuntary dismissal is authorized where "the plaintiff fails to prosecute or comply with these rules or a court order . . . ."  Fed. R. Civ. P. 41(b).  In evaluating whether to dismiss an action pursuant to Rule 41(b), the Court must consider:  "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the . . . judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . .  and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."  *LeSanc v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (alternations in original) (internal quotations and citations omitted).  The difference between dismissals under Rule 37 and those under Rule 41(b) is "minimal, and the Second Circuit has acknowledged they are guided principally by the same analysis."  *Robinson v. City of New York*, No. 10-cv-2163, 2011 WL 6034365, at *3 (S.D.N.Y. Dec. 5, 2011) (citing *See Peters-Turnbull v. Board of Educ. Of City of New York,* 7 F. App'x 107, 110 (2d Cir. 2001)).  Accordingly, to avoid unnecessary repetition, we address only factors three (prejudice to defendant) and four (docket management and due process concerns).

Honorable Lois Bloom
March 19, 2012
Page 5

As to the third factor, Secretary Shinseki has been prejudiced by Plaintiff's ongoing failures to provide any discovery and her flouting of the Court's Orders. In particular, Plaintiff's failure to provide any discovery and attend her deposition have deprived Secretary Shinseki of his right to defend himself against Plaintiff's scurrilous claims. Indeed, due to Plaintiff's utter disregard for applicable rules of civil procedure and the judicial process, Secretary Shinseki is in no better position to defend against this lawsuit than he was at the commencement of discovery, nearly five months ago. This factor unquestionably militates in favor of dismissal. *See Dozier v. Quest Diagnostics Inc.*, No. 09 Civ. 9941, 2010 WL 5393482, *2 (S.D.N.Y. Dec. 8, 2010) ("The delay created by the plaintiff's refusal to cooperate with discovery requests is clearly prejudicial"); *Mathews v. United States Shoe Corp.*, 176 F.R.D. 442 (W.D.N.Y. 1997) (case dismissed because defendant was prejudiced by *pro se* plaintiff's failure to comply with defendant's discovery requests).

As to the fourth factor, the Court's interest in judicial economy outweighs Plaintiff's interest in having the continued opportunity to be heard. As mentioned above, Plaintiff has utterly failed to fulfill her responsibilities under the Federal Rules of Civil Procedure. Indeed, Plaintiff's complete failure to communicate with the undersigned counsel and respond to Court Orders evidences her lack of interest in prosecuting this case any further. *Cf. Robinson*, 2011 WL 6034365, at *4 (observing that "whatever interest" the plaintiffs "may once have had[,]" their non-compliance with a discovery order "demonstrates that interest no longer exists."); *Lediju v. New York City Dep't of Sanitation*, 173 F.R.D. 105, 111-12 (S.D.N.Y. 1997) (dismissing claim for failure to prosecute where plaintiff "had been afforded every opportunity to litigate his claim"). In sum, despite having ample opportunity to litigate her claims, Plaintiff has demonstrated that she is unwilling to abide by the rules of this Court, which apply equally to all litigants. Accordingly, dismissal under Rule 41(b) is warranted.

## C.  Conclusion

For the foregoing reasons, it is respectfully requested that Your Honor recommend that this action be dismissed with prejudice. We thank the Court for its consideration of this request.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:      /s/ electronically signed
Ameet B. Kabrawala
Assistant U.S. Attorney
(718) 254-6001

Honorable Lois Bloom
March 19, 2012
Page 6

cc:     <u>By Certified First-Class Mail</u>
        Ms. Ann Burton
        General Delivery
        46-02 21st Street
        Long Island City, NY 11101

        <u>By ECF</u>
        Honorable Sandra L. Townes
        United States District Judge

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East-7th Floor*
*Brooklyn, NY 11201*

February 22, 2012

By Certified First-Class Mail
Ms. Ann Burton
General Delivery
46-02 21st Street
Long Island City, NY 11101

      Re:   *Burton v. Shinseki et al.*
               10-cv-05318 (SLT) (LB)

Dear Ms. Burton:

      As you know, this Office represents Secretary Shinseki in the above-referenced employment discrimination action.  Because this Office has not yet received your overdue discovery responses, we are constrained to adjourn your deposition to March 14, 2012 at 10:00 a.m.  *See* attached Second Amended Notice of Deposition.

      Additionally, enclosed is a copy of the Court's February 21, 2012 Order directing you to respond to Secretary Shinseki's motion to compel.  We note that you have not served any discovery demands upon Secretary Shinseki, nor noticed any depositions.

      Very truly yours,

      LORETTA E. LYNCH
      United States Attorney

By:             
      Ameet B. Kabrawala
      Assistant U.S. Attorney
      (718) 254-6001

Enclosures

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANN BURTON,

                              Plaintiff,

              -against-

ERIC K. SHINSEKI, Secretary of the Department of
Veterans Affairs, GINETTE JOUBERT, ARLENE
BLACKETT, WILLIAM KOSEL, FRANCISCA
GO, MARTINA PARAUDA, CYNTHIA
CAROSELLI, BERNARD NEWLAND, CARMEN
COX, SUSAN SOCHALSKI, MAVIS CHARLES,
RAVINDER DHILLON, ROSALIA ORDONEZ,
CAROLINE DONAHUE, BRITTA LAGO,
JOCELYNE DURE, SAMATHY BABU, KIM
ARSLANIAN, LAURA VIGLIOROLO, DARAGH
MURPHY, MARIE VANCOL, VIVIAN
TABARANZA, PETER BLACKBURNE, JANET
LEE, JULIE LEONARD, MARTHE BERNADINE
and KAREN PINNOCK,

                              Defendants.

---

**SECOND AMENDED
NOTICE OF DEPOSITION**

10-cv-5318 (SLT) (LB)

---

        PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, defendant Eric K. Shinseki, as Secretary of the Department of Veterans Affairs, by

his attorney, Loretta E. Lynch, United States Attorney for the Eastern District of New York,

Ameet B. Kabrawala, Assistant United States Attorney, of counsel, will take the testimony upon

oral examination of plaintiff Ann Burton ("plaintiff"), before a notary public, at the Office of the

United States Attorney for the Eastern District of New York, 271 Cadman Plaza East (7th Floor),

Brooklyn, New York 11201, on **March 14, 2012 at 10:00 a.m.**, with respect to evidence that is

relevant to the claims and defenses in the above-captioned action.

This deposition shall be recorded by stenographic means.

Dated: Brooklyn, New York
       February 22, 2012

                                        Respectfully yours,

                                        LORETTA E. LYNCH
                                        United States Attorney
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201

                        By:             _____

                                        Ameet B. Kabrawala
                                        Assistant U.S. Attorney
                                        (718) 254-6001

TO:    By Certified First-Class Mail
       Ms. Ann Burton
       General Delivery
       46-02 21st Street
       Long Island City, NY 11101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

ANN BURTON,

                Plaintiff,

      -against-

ERIC K. SHINSEKI, et al.,

                Defendants.

--------------------------------------------------------X

**10 CV 5318 (SLT)(LB)**

**BLOOM, United States Magistrate Judge:**

       Defendant Eric K. Shinseki moves the Court for an order compelling plaintiff to respond to his First Set of Interrogatories and Document Requests, served on December 23, 2011. (ECF No. 65.) Plaintiff shall respond to defendant's motion to compel by March 2, 2012. If plaintiff needs more time to respond or believes defendants owe her discovery responses, she must contact defendants' counsel in the first instance to attempt to resolve the dispute. Plaintiff is advised that if she fails to comply with her discovery obligations or obey the Court's orders, the Court shall impose sanctions, which may include dismissal of this case. See Fed. R. Civ. P. 16(f); 37(b)(2)(A); & 37(d).

SO ORDERED.

                                  LOIS BLOOM
                                  United States Magistrate Judge

Dated: February 21, 2012
       Brooklyn, New York



# EXHIBIT B

Ann Burton                                                    March 14, 2012

---

Page 1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------
ANN BURTON,

          Plaintiff,

                         Civil Action No.
     -against-            10-CV-5318 (SLT)

ERIC K. SHINSEKI, Secretary
of the United States of America
Veterans Affairs Agency, et. al,

          Defendants.
--------------------------------------
          SCHEDULED DEPOSITION OF ANN BURTON, a
Plaintiff herein, taken by Defendant, pursuant to
Court Order, at the offices of U.S. Attorney's
Office, Eastern District of the State of New
York, 7th Floor, 271 Cadman Plaza East,
Brooklyn, New York, on Wednesday, March 14, 2012,
at 10:02 a.m., before Debra Stevens, a Registered
Professional Reporter and notary public, within
and for the State of New York.
```

Page 3

```
 1           Proceedings
 2       MR. KABRAWALA:  We are on the record
 3  in the deposition of Plaintiff Ann Burton in
 4  the case Burton v Shinseki, et. al,
 5  10-CV-5318.  It is now 10:02 a.m. and
 6  Ms. Burton has not appeared for her
 7  deposition despite being ordered to appear.
 8       I will reach out to Ms. Burton at the
 9  telephone number that she has provided on the
10  Court's docket sheet and I will attempt to
11  reach that number and we will hopefully
12  commence the deposition in short order.
13       (Recess.)
14       MR. KABRAWALA:  It is now 10:11 a.m.
15  and I have attempted to reach Ms. Burton at
16  the telephone number that is listed on the
17  docket sheet, which is (631)388-8296.  I
18  attempted to reach that number on three
19  occasions.  On the first occasion it appears
20  that the phone was picked up and immediately
21  hung up without any response.  On the second
22  and third occasions when I called an
23  automatic answering message picked up but the
24  message indicated that the person who I had
25  dialed had not yet set up their voice mail
```

---

Page 2

```
 1
 2  A P P E A R A N C E S :
 3
 4  AMEET KABRAWALA, A.U.S.A.
          Attorney for Defendant Shinseki
 5  U.S. Attorney's Office
    Eastern District of the State of New York
 6  7th Floor, 271 Cadman Plaza East
    Brooklyn, New York
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

```
 1           Proceedings
 2  and on both occasions the phone immediately
 3  hung up without the ability to leave a voice
 4  mail message.
 5       I also attempted to dial the number
 6  listed on Plaintiff's Amended Complaint,
 7  (718)454-1776.  That number was disconnected
 8  and an automatic recording indicated that the
 9  number was disconnected.
10       We will wait and I will continue to
11  attempt to reach Ms. Burton and we are
12  hopeful that this deposition will proceed.
13       (Recess.)
14       MR. KABRAWALA:  It is now 10:40 a.m.
15  and I have attempted to reach Ms. Burton on
16  two occasions at the number that she has
17  listed on the Court's docket sheet.  That
18  number is (631)388-8296.  Again, each time I
19  have called an automated recording has
20  indicated that the voice mail box number of
21  the subscriber has not been activated.
22       In addition, I have gone down to the
23  lobby of the United States Attorney's Office
24  and waited in the lobby as well as outside in
25  hopes of seeing Plaintiff Ms. Burton.  I did
```

Ann Burton                                                          March 14, 2012

Page 5

1           Proceedings
2    not see Ms. Burton in the lobby or outside of
3    the United States Attorney's Office building.
4           We will go for another 20 minutes to
5    see if the plaintiff appears and we will come
6    back on the record at that time.
7           (Recess.)
8           MR. KABRAWALA:  It is now 11:10 a.m.
9    and I have attempted on one more occasion to
10   reach the plaintiff at her telephone number
11   that is listed on the Court's docket sheet.
12   Again, there was no answer and I was unable
13   to leave a voice message.  We will wait an
14   additional 20 minutes until 11:30 and then I
15   will dismiss the court reporter if the
16   plaintiff fails to appear.
17          (Recess.)
18          MR. KABRAWALA:  It is now 11:37 a.m.
19   on Wednesday, March 14, 2012.  I have
20   attempted to reach Ms. Burton one last time.
21   On our most recent call at 11:36 a.m. to
22   phone number (613)388-8296 I reached a male
23   caller who picked up the phone and indicated
24   that I had reached the wrong number.  I
25   confirmed the telephone number with this male

Page 6

1           Proceedings
2    caller and he confirmed the telephone number
3    as (631)388-8296 and indicated that he does
4    not know an Ann Burton.
5           Because we have waited now over
6    90 minutes I will dismiss the court reporter.
7    It is now 11:38 a.m. and we will seek
8    appropriate relief with the Court.
9           (TIME NOTED: 11:38 a.m.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 7

1
2           C E R T I F I C A T E
3
4           I, DEBRA STEVENS, a Registered
5    Professional Reporter and notary public within
6    and for the State of New York, do hereby certify
7    that I reported the proceedings in the
8    within-entitled matter on Wednesday, March 14,
9    2012, and that this is an accurate transcription
10   of what transpired at that time and place.
11
12
13   _____
14           Debra Stevens, RPR-CRR
15
16
17
18
19
20
21
22
23
24
25

2  (Pages 5 to 7)