CLERK OF U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

FILED
IN CLERKS OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 23 2012 ★
BROOKLYN OFFICE

US POSTAGE
$00.650
04/16/2012
Mailed From 11201

Ann Burton
General Delivery
46-02 21st Str---
Long Island Ci

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANN BURTON,

       Plaintiff,

  -against-

ERIC K. SHINSEKI, GINETTE JOUBERT,
FRANCISCA GO, WILLIAM KOSEL, CYNTHIA CAROSELLI,
CAROLINE DONAHUE, BRITTA LAGO, JOCELYNE DURE,
MARTINA PARAUDA, DARAGH MURPHY, MARIE VANCOL,
VIVIAN TABARANZA, ARLENE BLACKETT, BERNARD
NEWLAND, CARMEN COX, SUSAN SOCHALSKI, MAVIS
CHARLES, RAVINDER DHILLON, ROSALIA ORDONEZ,
SAMATHY BABU, KIM SRSLANIAN, LAURA VIGLIOROLO,
PETER BLACKBURNE, JANET LEE, JULIE LEONARD,
MARTHE BERNADINE, KAREN PINNOCK, and WHITE
GLOVE PLACEMENT, INC.,

       Defendants.
------------------------------------------------------------------X

REPORT AND
RECOMMENDATION
10 CV 5318 (SLT)(LB)

**BLOOM, Magistrate Judge:**

  Plaintiff brings this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff failed to respond to defendant Shinseki's discovery requests and failed to appear for her deposition. Plaintiff also failed to respond to at least two Court Orders regarding her noncompliance with her discovery obligations. It is therefore respectfully recommended that plaintiff's case should be dismissed pursuant to Rules 37(b)(2)(A)(v) and 37(d) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff commenced this *pro se* employment discrimination and civil rights action on December 23, 2010. (ECF No. 1.)[1] Plaintiff's amended complaint names as defendants the Secretary of the Department of Veterans Affairs and 26 employees of the Department. (ECF No. 5.) Defendant Shinseki answered the amended complaint and the Court held an initial pretrial conference on October 14, 2011. (ECF No. 33.) At the initial conference, plaintiff refused to speak and instead, wrote her statements and required the Court to read them. Plaintiff claimed that she had ingested tainted tap water in her home and was unable to speak. Plaintiff also declined the Assistant United States Attorney's request that she voluntarily discontinue the action against the 26 individual defendants because the only appropriate defendant in this employment discrimination action is Shinseki, as Secretary of the Department.[2] The Court directed the parties to complete all discovery by March 15, 2012. (ECF No. 52.)

On November 30, 2012, plaintiff moved for a temporary restraining order against defendants alleging various criminal acts including "death threats and attempts, unlawful terroristic daily home invasions, stalking, theft of case documents and personal property, theft of money, damage to plaintiff's property, gas-lighting, counterfeiting plaintiff's handwriting, mail and telephone interception, computer hacking, food and water tampering, harassment, and obstruction of justice." (ECF No. 54 at 1-2.) The Court denied plaintiff's motion on the basis that plaintiff had submitted no evidence of such criminal acts nor alleged with any specificity

---

[1] Plaintiff filed an amended complaint on February 24, 2011 and on July 14, 2011 requested leave to file a second amended complaint. (ECF Nos. 5, 40.) The Court granted plaintiff until August 19, 2011 to file her proposed second amended complaint. (ECF No. 42.) When plaintiff failed to file a proposed second amended complaint by that deadline, the Court scheduled the initial conference.

[2] On December 8, 2011, the United States Attorney's Office requested a pre-motion conference to move to dismiss the claims against the 26 individual defendants pursuant to 42 U.S.C. § 2000e-16(c) (employment discrimination lawsuits against the federal government may only be brought against the "head of the department, agency, or unit). Shinseki also sought to move to dismiss any constitutional claims against him for lack of personal involvement. (ECF No. 57.)

2

which of the defendants committed these acts, and instead, recommended that plaintiff contact the police or district attorney regarding any criminal acts. (ECF No. 53.) Then on December 21, 2011, having been informed by members of the Clerk's Office staff that plaintiff had become abusive and placed an excessive number of telephone calls to the Clerk's Office in a two week period, the Court cautioned plaintiff "that her mistreatment of Court employees will not be tolerated." (ECF No. 58.)

On December 23, 2011, defendant Shinseki served plaintiff with his first set of interrogatories and document requests and noticed plaintiff's deposition for February 14, 2012. (ECF No. 65.) When plaintiff failed to respond to the discovery requests, Shinseki sent plaintiff a February 2, 2012 letter which notified plaintiff of her failure to timely respond and requested that she respond by February 10, 2012. (Id. at 5.) The letter also included an amended notice of deposition with an adjourned deposition date of March 1, 2012. (Id.) When plaintiff failed to respond to the letter or provide her discovery responses, defendant made a number of attempts to call plaintiff at the number provided by plaintiff and listed on the docket sheet. (Id.) On several occasions no one answered and the number did not allow callers to leave messages. (Id.) "[D]uring [defendant's] last attempt, on February 15, 2012, a female answered and stated that we had called the wrong number." (Id.)

On February 16, 2012, Shinseki filed a motion to compel plaintiff's responses to his discovery demands. (Id.) The Court ordered plaintiff to respond to Shinseki's motion to compel by March 2, 2012. (ECF No. 66.) The Order warned plaintiff that "if she fails to comply with her discovery obligations or obey the Court's orders, the Court shall impose sanctions, which may include dismissal of this case. See Fed. R. Civ. P. 16(f); 37(b)(2)(A); and 37(d)." (Id.)

Plaintiff failed to respond to the Court's Order. Shinseki then requested that the Court order plaintiff to respond to the discovery requests, grant an extension of the discovery deadline, and award attorney's fees to defendant for the application. (ECF No. 67.) Shinseki argued that "Plaintiff's failure to comply with her discovery obligations has prejudiced Secretary Shinseki insofar as he is unable to properly prepare for Plaintiff's deposition, which was noticed for March 14, 2012." (Id.) The Court directed plaintiff to timely appear for her March 14, 2012 deposition and to produce her responses to the discovery demands without objections at the deposition. (ECF No. 68.) The Court denied Shinseki's request for attorney's fees. (Id.) The order also provided that:

> If plaintiff fails to timely attend her deposition, the Court shall order plaintiff *to* show good cause why this case should not be dismissed for failure to comply with plaintiff's discovery obligations and the Court's orders. See Fed. R. Civ. P. 37(b)(2)(A), 37(d) and 16(f).

(Id.)

Plaintiff failed to attend her March 14, 2012 deposition. (ECF No. 70.)[3] Specifically, defendant's counsel writes that on March 14, 2012, he "together with a court reporter, was present and prepared to proceed with Plaintiff's deposition" but that plaintiff failed to timely appear. (ECF No. 70 at 2.) Moreover, "[o]ver the course of approximately 95 minutes, numerous attempts were made to reach Plaintiff at telephone numbers that she had provided to the Court, including the number currently listed on the docket sheet ... None of those attempts were successful." (Id.) Accordingly, defendant's counsel again moved to dismiss the complaint. (Id.)

---

[3] The Court's Order directing plaintiff to appear for her March 14, 2012 deposition and sent via express mail to plaintiff's address of record, which is a post office box, was returned as undeliverable. (ECF No. 69.) However, defendant's notice of deposition scheduling the March 14, 2012 deposition, which had been sent to plaintiff via certified mail, was successfully delivered. (ECF No. 70 at 2, n.2.)

4

By Order dated March 20, 2012, the Court ordered plaintiff to show cause by April 3, 2012 why this case should not be dismissed for her failure to respond to defendant's discovery requests and appear for her deposition. (ECF No. 71.) The Order specifically warned plaintiff that "if she fails to show good cause by April 3, 2012 why she failed to appear for her deposition and failed to respond to defendant's discovery requests, I shall recommend that this action should be dismissed under Rules 37(b)(2)(A)(v), 37(d) & 16(f) of the Federal Rules of Civil Procedure." (Id.) Plaintiff has failed to respond to this Court Order.

## DISCUSSION

Under Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure, the Court "may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition." Additionally, under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, the Court may sanction a party for failure to comply with a discovery order. Such sanctions may include dismissal of the action. Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."); Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."); see Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 766 (2d Cir. 1990) (affirming dismissal of action under Rule 37(d) for *pro se* plaintiff's refusal to appear at her deposition); Salahuddin v. Harris, 782 F.2d 1127, 1130-31 (2d Cir. 1986) (motion to dismiss for failure to appear for a deposition is properly considered under Rule 37(d)). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

5

In evaluating whether to dismiss a case pursuant to Rule 37, the Court looks to the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302-303 (2d Cir. 2009) (per curiam). "Noncompliance with discovery orders is considered wilful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." Davidson v. Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (quoting Baba v. Japan Travel Bureau, Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996)).

Plaintiff's non-compliance has been willful and without explanation. Plaintiff has repeatedly failed to respond to defendant's discovery requests, notices for deposition, and efforts to contact her. Even without a Court Order, this noncompliance is grounds for dismissal. See Fed. R. Civ. P. 37(d)(3). Plaintiff has also failed to respond to Court Orders directing her to respond to defendant's motion to compel and to show good cause why the case should not be dismissed. (ECF Nos. 66, 71.) Plaintiff's failure to comply is a sufficient basis to dismiss this action. See Yarborough v. City of New York, 10 CV 2125 (CBA)(LB), 2012 WL 728010 (E.D.N.Y. Feb. 13, 2012), adopted at 2012 WL 727952 (E.D.N.Y. March 6, 2012) (dismissing case where plaintiff failed to appear at her deposition and failed to respond to order to show cause for her noncompliance); Lichenstein v. Reassure American Life Ins. Co., No. 07-CV-1653 (DLI)(LB), 2011 WL 809172 (E.D.N.Y. Mar. 1, 2011) (pro se litigants failure to respond to discovery request was wilful where the Court informed him obligation to comply and plaintiff repeatedly failed to do so); Hoffman v. Scoville, 174 F.R.D. 11 (N.D.N.Y. 1997) (dismissing pro

se plaintiff's complaint for his failure to appear at depositions, respond to interrogatories, respond to inquiries from defendants, and obey court orders to appear).

The Court has already afforded plaintiff a chance to comply by imposing the lesser sanction of directing plaintiff to produce her discovery responses without any objections. See Cross v. Village of Cooperstown, No. 04-CV-501 (FJS)(GHL), 2007 WL 3254269, at *4 (N.D.N.Y. Nov. 2, 2007) ("allowing additional time[,] ... and warning [plaintiff] of possible dismissal.") Plaintiff has also been provided ample warning of the consequences for failing to comply with her discovery obligations: the Court first warned plaintiff that failure to comply with discovery obligations could result in sanctions which include dismissal (ECF No. 66.); after plaintiff failed to appear for her deposition, the Court ordered her to show good cause and explicitly warned her that this action would be dismissed if she failed to respond. (ECF No. 71.) The Court's imposition of a lesser sanction and explicit warnings have not prompted plaintiff's compliance.

This is plaintiff's action to vindicate her rights, yet she has failed to meet her discovery obligations and failed to respond to the Court's Orders. The Court should not require defendant to continue to bear the burden of litigating against a plaintiff who refuses to abide by the rules. Indeed, it appears that plaintiff has abandoned this action. As Rule 37 provides that an action may be dismissed "in whole or in part" for failure to comply with discovery obligations and Court orders, I respectfully recommend that the action be dismissed against all defendants herein.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that plaintiff's case should be dismissed pursuant to Rules 37(d) and (b)(2)(A)(v) of the Federal Rules of Civil Procedure.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: April 13, 2012
Brooklyn, New York