UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANN BURTON,

                   Plaintiff,

-against-

ERIC K. SHINSEKI, Secretary of the Department
of Veterans Affairs Agency, *et al.*,

                   Defendants.
----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 25 2012 ★
BROOKLYN OFFICE

**ORDER ADOPTING REPORT AND RECOMMENDATION**

10-CV-5318 (SLT)(LB)

**TOWNES, United States District Judge:**

In a Report and Recommendation dated April 13, 2012 (the "R&R"), Magistrate Judge Lois Bloom recommended that this Court dismiss this case pursuant to Rule 37 of the Federal Rules of Civil Procedure as a sanction for plaintiff's failure (1) to respond to defendants' discovery requests, (2) to appear for her deposition and (3) to comply with Court orders regarding her noncompliance with these discovery obligations. The R&R specifically advised plaintiff that she had fourteen days from service of the R&R in which to file written objections. R&R at 8 (citing 28 U.S.C. §636(b)(1)). The R&R also warned plaintiff that if she failed to file a timely objection, she would be waiving any further judicial review. *Id.*

According to the docket sheet, the Clerk's Office served a copy of the R&R on plaintiff on April 13, 2012, by mailing a copy of that document to the address which plaintiff had provided to the Court. That mailing, along with several other mailings, were subsequently returned to the Court as undeliverable. Plaintiff never filed objections to the R&R.

Although it seems likely that plaintiff never actually received a copy of the R&R, service of the R&R was nonetheless complete on April 13, 2012 – the day it was mailed. Rule 77(d) of the Federal Rules of Civil Procedure requires that the Clerk of Court effect service "as provided by Rule 5(b)." Rule 5(b) provides that service may be effected by, among other

methods, "mailing it to the person's last known address – in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Despite the fact that plaintiff never received the mailing, due process was satisfied because the means of notification utilized by the Clerk's Office – namely, mailing the motion papers to plaintiff's last known address – was reasonably calculated to provide plaintiff with actual notice of the R&R. *See Sanders v. New York City Dept. of Correction*, 376 Fed. Appx. 151 (2d Cir. May 12, 2010) (summary order); *see also Grievance Comm. v. Polur*, 67 F.3d 3, 6 (2d Cir.1995) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)) ("The proper focus of the due process inquiry is not whether notice . . . was actually received but whether the means selected were 'such as one desirous of actually informing the [litigant] might reasonably adopt to accomplish it.'").[1]

Because plaintiff did not file objections to the R&R within the 14-day period prescribed by 28 U.S.C. §636(b)(1), this Court is not legally obligated to review the R&R. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) (district court not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed). However, even when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, although not required to do so, this Court has reviewed Judge Bloom's R&R for clear error on the face of

---

[1] Although plaintiff is proceeding *pro se*, a *pro se* litigant is not exempt from the obligation to notify the court of his or her changes of address. *See Canario-Duran v. Borecky*, No. 10–CV–1736 (DLI)(LB), 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011). Accordingly, "[w]hen a *pro se* litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, the court may deny that litigant relief." *Id.*

2

the record. The Court finds no clear error, and therefore adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

## *CONCLUSION*

For the reasons stated above, Magistrate Judge Bloom's Report and Recommendation dated April 13, 2012, recommending that this Court dismiss this case pursuant to Rule 37 of the Federal Rules of Civil Procedure, is adopted in its entirety. This action is dismissed with prejudice and the Clerk of Court is directed to enter judgment in accordance with this Order and to close this case. Plaintiff is advised that because she failed to file a timely objection to the R&R, she has waived the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: July 23, 2012
Brooklyn, New York